1  Stephen M. Lobbin (SBN 181195)
   slobbin@onellp.com
2  **ONE LLP**
   4000 MacArthur Boulevard
3  East Tower, Suite 500
   Newport Beach, California 92660
4  Tel: 949.502.2870

5  Attorney for Plaintiff
   **Houdini, Inc. d/b/a Wine Country Gift Baskets**

6

7

8               **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11
   **HOUDINI, INC.** d/b/a **WINE**         Case No.: 8:17-cv-00313
12 **COUNTRY GIFT BASKETS**, a             _____
   California corporation,
13                                          **COMPLAINT FOR (1)**
                     Plaintiff,             **TRADEMARK INFRINGEMENT,**
14                                          **15 U.S.C. § 1114(1)(a); (2)**
         v.                                 **TRADEMARK DILUTION, 15**
15                                          **U.S.C. § 1125(c)(2)(B); (3) FALSE**
   **THE GIFTING GROUP, LLC** d/b/a         **DESIGNATION OF ORIGIN, 15**
16 **ALDER CREEK GIFT BASKETS**, a          **U.S.C. § 1125(a); AND (4) UNFAIR**
   California limited liability company,    **COMPETITION, CAL. BUS. &**
17                                          **PROF. CODE § 17200** *et seq.*
                     Defendant.
18                                          **DEMAND FOR JURY TRIAL**

19

20

21        For its Complaint against Defendant The Gifting Group, LLC doing business

22 as "Alder Creek Gift Baskets" ("Defendant"), Plaintiff Houdini, Inc. doing business

23 as "Wine Country Gift Baskets" ("Houdini") alleges as follows, this Court having

24 subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b) and 1367.

25                                  <u>**PARTIES**</u>

26        1.    Plaintiff is a California corporation doing business as Wine Country

27 Gift Baskets with its principal place of business located in Fullerton, California.

28

2.     Upon information and belief, Defendant is a California limited liability company doing business as Alder Creek Gift Baskets with its principal place of business located in Temecula, California.

## JURISDICTION AND VENUE

3.     This Court has general personal jurisdiction over the Defendant because its principal place of business is located in Temecula, California. Moreover, Defendant's infringing activities occurred within Temecula, California and were sufficient to manifest a presence within the Central District of California giving rise to this Court's specific personal jurisdiction over the Defendant.

4.     This Court has original jurisdiction over the federal questions of trademark infringement in violation of 15 U.S.C. § 1114(1), trademark dilution in violation of 15 U.S.C. § 1125(c)(2)(B) and false designation of origin in violation of 15 U.S.C.§ 1125(a), under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121(a).  This Court has original jurisdiction over the unfair competition claims as they are substantially related to the claims of federal trademark infringement under 28 U.S.C. § 1338(b).

5.     This Court has supplemental jurisdiction over the claims of unfair competition arising under California Business and Professions Code § 17200 *et seq.* as the actions by the Defendant giving rise to these claims are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution, under 28 U.S.C. § 1367(a).

6.     Venue is proper in the Central District of California because the Defendant is a California limited liability company with its principal place of business in Temecula, California, under 28 U.S.C. § 1391(b)(1).  Furthermore, a substantial part of the events giving rise to the claims occurred within the Central District of California, under 28 U.S.C. § 1391(b)(2).  Finally, this court has personal jurisdiction over the Defendant making the Central District of California a proper venue, under 28 U.S.C. § 1391(b)(3) and 28 U.S.C. § 1391(e)(1).

**FACTUAL BACKGROUND**

7.     Houdini has become the second largest provider of gift baskets in the United States, and it reaches an audience of tens of millions of consumers nationwide through its WINE COUNTRY GIFT BASKETS mail order catalog.

9.     Houdini operates an extensive website available at winecountrygiftbaskets.com, which was viewed by over 450,000 visitors in 2016.

10.    Houdini owns United States Trademark Registration Number 3,034,835 for its "WINE COUNTRY" mark used in connection with gift baskets and gift packages containing food items, namely candy, cookies and wheat-based snack foods.  This valid and existing mark was registered on the Principal Register at the United States Patent and Trademark Office on December 27, 2005 and is now incontestable pursuant to 15 U.S.C. § 1065.

11.    Houdini owns United States Trademark Registration Number 3,388,836 for its "WINE COUNTRY GIFT BASKETS" mark used in connection with mail order catalog and online retail store services featuring gift baskets and gift packages consisting primarily of wine.  This valid and existing mark was registered on the Principal Register at the United States Patent and Trademark Office on February 26, 2008, and is now incontestable pursuant to 15 U.S.C. § 1065.

12.    Houdini owns United States Trademark Registration Number 3,388,835 for its "WINE COUNTRY GIFT BASKETS" mark used in connection with gift baskets and gift packages consisting primarily of wine.  This valid and existing mark was registered on the Principal Register at the United States Patent and Trademark Office on February 26, 2008, and is now incontestable pursuant to 15 U.S.C. § 1065.

13.    Houdini owns United States Trademark Registration Number 4,368,081 for its "WINE COUNTRY" mark used in connection with mail order and web based catalog services featuring gift baskets containing wine.  This valid and

existing mark was registered on the Principal Register at the United States Patent and Trademark Office on July 16, 2013.

14.     Houdini owns United States Trademark Registration Number 4,368,080 for its "WINE COUNTRY" mark used in connection with gift baskets containing wine.  This valid and existing mark was registered on the Principal Register at the United States Patent and Trademark Office on July 16, 2013.

15.     Houdini owns United States Trademark Registration Number 3,037,767 for its "WINE COUNTRY" mark used in connection with gift baskets and gift packages containing spa items.  This valid and existing mark was registered on the Principal Register at the United States Patent and Trademark Office on January 3, 2006, and is now incontestable pursuant to 15 U.S.C. § 1065.

16.     Defendant sells gift baskets and gift packages online through their website accessible at aldercreekgiftbaskets.com.  Currently, there are four gift baskets listed for sale on Defendant's website under the names "A TASTE OF THE WINE COUNTRY", "TASTE OF WINE COUNTRY", "AFTERNOONS IN THE WINE COUNTRY" and "MOTHER'S DAY PICNIC IN THE WINE COUNTRY". Defendant's gift baskets and gift packages contain candy, cookies and wheat based snacks.

17.     Defendant's gift basket entitled "TASTE OF WINE COUNTRY GIFT BASKET" is available for purchase through Walmart's online website accessible at Walmart.com.  Defendant's gift basket contains candy, cookies and wheat based snacks.

18.     Defendant's gift basket entitled "TASTE OF WINE COUNTRY GIFT BASKET" is available for purchase through Bed Bath and Beyond's online website accessible at Bedbathandbeyond.com.  Defendant's gift basket contains candy, cookies and wheat based snacks.

19.     Defendant's gift basket entitled "PICNIC IN THE WINE COUNTRY GIFT BASKET" is available for purchase through Sam's Club's online website

accessible at Samsclub.com.  Defendant's gift basket contains candy, cookies and wheat based snacks.

20.     Defendant's gift basket entitled "PICNIC IN THE WINE COUNTRY GIFT BASKET" is available for purchase through Overstock.com.  Defendant's gift basket contains primarily candy, cookies and wheat based snacks.

21.     Defendant's gift baskets entitled "WINE COUNTRY GIFT BASKET" and "TASTE OF WINE COUNTRY" are available for purchase through Shopmyexchange.com.  Defendant's gift basket contains candy, cookies and wheat based snacks.  Defendant's gift baskets are sold *directly next to* the products offered by Houdini on this website.

22.     Defendant's gift basket entitled "TASTE OF WINE COUNTRY FESTIVE FAUX LEATHER SEA GRASS GIFT BASKET WITH CERAMIC DIPPING BOWL AND CLOTH GRAPE BAG" is available for purchase through Amazon.com.  Defendant's gift basket contains candy, cookies and wheat based snacks.  A similar gift basket offered by Houdini entitled "WINE COUNTRY THE CONNOISSEUR GIFT BASKET" is also listed on Amazon.com and contains candy, cookies and wheat based snacks.

23.     Defendant is not and was never authorized by Houdini to use United States Trademark Registration Number 3,034,835 for its "WINE COUNTRY" mark for use in gift baskets and gift packages containing food items, namely candy, cookies and wheat based snack foods.

24.     Defendant is not and was never authorized by Houdini to use United States Trademark Registration Number 3,388,836 for its "WINE COUNTRY GIFT BASKETS" mark for use in mail order catalog and online retail store services featuring gift baskets and gift packages consisting primarily of wine.

25.     Defendant is not and was never authorized by Houdini to use United States Trademark Number 3,388,835 for its "WINE COUNTRY GIFT BASKETS" mark for use in gift baskets and gift packages consisting primarily of wine.

26.    Defendant is not and was never authorized by Houdini to use United States Trademark Registration Number 4,368,081 for its "WINE COUNTRY" mark for use in mail order and web based catalog services featuring gift baskets containing wine.

27.    Defendant is not and was never authorized by Houdini to use United States Trademark Registration Number 4,368,080 for its "WINE COUNTRY" mark for use in gift baskets containing wine.

28.    Defendant is not and was never authorized by Houdini to use United States Trademark Registration Number 3,037,767 for its "WINE COUNTRY" mark for use in gift baskets and gift packages containing spa items.

29.    Defendant's sale of gift packages and gift baskets using Houdini's marks including WINE COUNTRY and WINE COUNTRY GIFT BASKETS is willful.  Defendant has been on actual notice of Houdini's registered marks yet continues to advertise using the same marks on the same goods and services.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement Pursuant to 15 U.S.C. § 1114(1)(a)

30.    Houdini incorporates by reference the allegations in Paragraphs 1 through 29, inclusive.

31.    Defendant has incorporated Houdini's trademarks into Defendant's own advertisements for substantially similar goods for sale on multiple websites.

32.    Defendant has never been authorized by Houdini to use its trademarks.

33.    Defendant has been notified of Houdini's trademarks yet continues to use said marks in commerce to promote Defendant's own products.

34.    Defendant's continuous use of United States Trademark Registration Number 3,034,835 for the "WINE COUNTRY" mark in commerce in connection with the sale, offering for sale, distribution and advertising of their similar products without consent is likely to cause consumer confusion, mistake or deception as to the source of the goods and services.

-6-

35.     Defendant's continuous use of United States Trademark Registration Number 3,388,836 for the "WINE COUNTRY GIFT BASKETS" mark in commerce in connection with the sale, offering for sale, distribution and advertising of their similar products without consent is likely to cause consumer confusion, mistake or deception as to the source of the goods and services.

36.     Defendant's continuous use of United States Trademark Registration Number 3,388,835 for the "WINE COUNTRY GIFT BASKETS" mark in commerce in connection with the sale, offering for sale, distribution and advertising of their similar products without consent is likely to cause consumer confusion, mistake or deception as to the source of the goods and services.

37.     Defendant's continuous use of United States Trademark Registration Number 4,368,081 for the "WINE COUNTRY" mark in commerce in connection with the sale, offering for sale, distribution and advertising of their similar products without consent is likely to cause consumer confusion, mistake or deception as to the source of the goods and services.

38.     Defendant's continuous use of United States Trademark Registration Number 4,368,080 for the "WINE COUNTRY" mark in commerce in connection with the sale, offering for sale, distribution and advertising of their similar products without consent is likely to cause consumer confusion, mistake or deception as to the source of the goods and services.

39.     Defendant's continuous use of United States Trademark Registration Number 3,037,767 for the "WINE COUNTRY" mark in commerce in connection with the sale, offering for sale, distribution and advertising of their similar products without consent is likely to cause consumer confusion, mistake or deception as to the source of the goods and services.

40.     Ultimately, Defendant's use of these marks in the Central District of California and elsewhere, in connection with the sale of its goods and services, is

likely to cause confusion that Defendant's goods and services emanate from or are sponsored or authorized by Houdini.

41.     Defendants have intentionally copied Houdini's trademarks in order to usurp the goodwill that Houdini has built with consumers through the continuous and extensive use of its trademarks in commerce.

42.     The above described acts of Defendant constitute infringement of registered trademarks in violation of 15 U.S.C. §1114(a)(1).

43.     As a proximate result of the unfair advantage accruing to Defendant's business from deceptively trading on Houdini's advertising, sales and consumer recognition, Defendant stands to make substantial sales and profits in amounts to be established according to proof.

44.     As a proximate result of the unfair advantage accruing to Defendant's business from deceptively trading on Houdini's advertising, sales, and consumer recognition, Houdini has been damaged and deprived of substantial sales of its goods and services and has been deprived of the value of its trademark as a commercial asset, in amounts to be established according to proof.

45.     Unless restrained by this Court, Defendant will continue to infringe Houdini's trademarks.  Pecuniary compensation will not afford Houdini adequate relief for the damage to its brand and goodwill.  Furthermore, in the absence of injunctive relief, customers are likely to continue to be mistaken or deceived as to the true source, origin, sponsorship and affiliation of Defendant and its goods and services.

46.     Defendant's acts were committed and continue to be committed with actual notice of Houdini's exclusive rights and with an intent to cause confusion, mistake and/or to deceive, and to cause injury to the reputation and goodwill associated with Houdini and its products.

47.     As this is an exceptional case, Houdini is entitled to recover treble damages as well as attorney's fees and costs, including under 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

### Trademark Dilution Pursuant to 15 U.S.C. § 1125(c)(2)(B)

48.     Houdini incorporates by reference the allegations in Paragraphs 1 through 47, inclusive.

49.     Houdini's trademarks are distinctive and famous as they are widely recognized by the general consuming public of the United States as a designation of source of the goods and services of Houdini.

50.     Houdini is the second largest provider of gift baskets in the United States.  Many of their trademarks have been used in commerce since at least 2005 and several of these marks have become incontestable.  Houdini reaches an audience of tens of millions of consumers nationwide through its WINE COUNTRY GIFT BASKETS mail order catalog.  Moreover, Houdini operates an extensive website available at winecountrygiftbaskets.com.  Last year, winecountrygiftbaskets.com was viewed by over 450,000 visitors.

51.     Houdini has generated well over $150 million dollars in catalog and internet sales over a four-year period.

52.     Houdini has indisputably enjoyed a significant amount of public recognition of its marks as evidenced by the fact that it sold its products to over one hundred thousand repeat customers over a four-year period.

53.     Houdini's trademarks are listed on the Principal Register at the United States Patent and Trademark Office.

54.     In creating an association between its products and Houdini's famous and distinctive marks in its advertising of their nearly identical goods and services, Defendant has committed "dilution by blurring" and impaired the distinctiveness of Houdini's marks.

55.     Unless restrained by this Court, Defendant will continue to use Houdini's famous and distinctive marks in a way that further exacerbates the current

1  trademark dilution by blurring caused by the Defendant, under 15 U.S.C. §

2  1125(c)(2)(A).

3  **THIRD CLAIM FOR RELIEF**

4  **False Designation of Origin Pursuant to 15 U.S.C. § 1125(a)**

5       56.    Houdini incorporates by reference the allegations in Paragraphs 1

6  through 55, inclusive.

7       57.    Defendants have provided goods and services and used in commerce

8  words, terms and combinations of Houdini's marks that are likely to cause

9  confusion, to cause mistake and are deceptive as to the affiliation, connection or

10 association of the Defendant with Houdini.

11      58.    The marketing and sale of Defendant's goods and services as described

12 above constitutes false designation of origin which is likely to cause confusion and

13 mistake and to deceive consumers as to the source or origin of such goods and

14 services or sponsorship or approval of such goods and services by Houdini.

15      59.    As a proximate result of Defendant's false designation of origin,

16 Defendant has made and stands to make substantial sales and profits in amounts to

17 be established according to proof.

18      60.    As a proximate result of Defendant's false designation of the origin of

19 their goods and services, Houdini has been damaged and deprived of substantial

20 sales of its goods and services and has been deprived of the value of its trademarks

21 as commercial assets, in amounts to be established according to proof.

22      61.    Unless enjoined by this Court, Defendant will continue to falsely

23 designate the origin of their goods and services, thereby causing irreparable damage

24 to Houdini.  In the absence of injunctive relief, customers are likely to continue to

25 be mistaken or deceived as to the true source, origin, sponsorship and affiliation of

26 Defendant's goods and services. Pecuniary compensation will not afford Houdini

27 adequate relief for its resulting damages.

28

62.     Defendant's acts were committed, and continue to be committed, with actual notice of Houdini's exclusive rights with an intent to cause confusion, to cause mistake and / or to deceive, and to cause injury to the reputation and goodwill associated with Houdini and its products.  Houdini is entitled to recover three times its actual damages or three times Defendant's profits, whichever is greater, together with Houdini's attorney fees and costs under 15 U.S.C. § 1117.

**FOURTH CLAIM FOR RELIEF**

**Unfair Competition Pursuant to Cal. Bus. & Prof. Code § 17200 *et seq*.**

63.     Houdini incorporates by reference the allegations in Paragraphs 1 through 62, inclusive.

64.     By its acts above constituting trademark infringement, trademark dilution and false designation of origin, Defendant has employed unlawful and unfair business acts or practices, in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*.

65.     Defendant's unfair competition has resulted in and continues to result in the unjust enrichment of Defendant, including but not limited to the tremendous cost savings and profit to Defendant by free riding on Houdini's goodwill which was acquired through both its tireless marketing to millions consumers and through building a quality product that over one hundred thousand repeat customers have come to know and expect.

66.     Defendant has committed its acts of unfair competition willfully and maliciously to injure Houdini's business and improve its own, thereby entitling Houdini to an award of exemplary damages and attorney fees.

67.     Houdini also has suffered and continues to suffer irreparable injury due to the unfair competition caused by Defendant's willful acts constituting trademark infringement, trademark dilution and false designation of origin.  Such irreparable injury cannot be remedied adequately unless Defendant is enjoined immediately

1  from further trademark infringement, trademark dilution and false designation of

2  origin.

3        68.      Houdini has no adequate remedy at law for the injuries it has suffered

4  and continues to suffer, as it will be impossible for Houdini to determine the precise

5  amount of damage it will suffer if Defendant's conduct is not restrained.

6                              **PRAYER FOR RELIEF**

7        Therefore, Plaintiff Houdini prays for the following relief:

8        A.      A determination that Defendant has infringed United States Trademark

9  Number 3,034,835 in violation of 15 U.S.C. § 1114(1);

10       B.      A determination that Defendant has infringed United States Trademark

11  Number 3,388,836 in violation of 15 U.S.C. § 1114(1);

12       C.      A determination that Defendant has infringed United States Trademark

13  Number 3,388,835 in violation of 15 U.S.C. § 1114(1);

14       D.      A determination that Defendant has infringed United States Trademark

15  Number 4,368,081 in violation of 15 U.S.C. § 1114;(1)

16       E.      A determination that Defendant has infringed United States Trademark

17  Number 4,368,080 in violation of 15 U.S.C. § 1114(1);

18       F.      A determination that Defendant has infringed United States Trademark

19  Number 3,037,767 in violation of 15 U.S.C. § 1114(1);

20       G.      A determination that Defendant has committed acts constituting

21  trademark dilution in violation of 15 U.S.C. §1125(c)(2)(B);

22       H.      A determination Defendant has committed acts constituting false

23  designation of origin in violation of 15 U.S.C. §1125(a);

24       I.      A determination that Defendant has competed unfairly with Houdini

25  and has employed unlawful and unfair business acts or practices, in violation of Cal.

26  Bus. & Prof. Code §§ 17200 *et seq.*;

27

28

1       J.      A preliminary and permanent injunction against the continuing

2   trademark infringement, trademark dilution, false designation of origin and unfair

3   competition;

4       K.      An accounting for damages adequate to compensate for the trademark

5   infringement, false designation of origin and unfair competition including lost

6   profits and amounts attributable to Defendant's unjust enrichment, consequential

7   damages, treble damages, exemplary damages, pre-judgment and post-judgment

8   interest, and costs;

9       L.      An award of reasonable attorney fees and expenses to Houdini; and

10      M.      Such other and further relief as this Court deems just and proper.

12                               Respectfully submitted,

13  Dated:  February 22, 2017         **ONE LLP**

15                           By:   /s/ Stephen M. Lobbin

                                                Attorneys for Plaintiff

1

## **<u>JURY TRIAL DEMAND</u>**

2

3      Pursuant to Fed. R. Civ. P. 38(b)(1) and (c), and L.R. 38-1, Plaintiff Houdini,

4    Inc. d/b/a Wine Country Gift Baskets hereby demands a jury trial on all the issues in

5    this action so triable of right by a jury.

6                                           Respectfully submitted,

7    Dated:  February 22, 2017          **ONE LLP**

8

9                                       By:    /s/ Stephen M. Lobbin
                                               Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28